LEE LITIGATION GROUP, PLLC
C.K. Lee (1023886)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorney for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

| | |
|---|---|
| MARY WEST,<br>*on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>THE ASTOR HOUSE, LLC,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT** |

---

Plaintiff, MARY WEST (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through his undersigned attorney, hereby files this Class Action Complaint against Defendant, THE ASTOR HOUSE, LLC (hereinafter "Defendant"), and states as follows:

**INTRODUCTION**

1. This class action seeks to put an end to systemic civil rights violations committed by Defendant against the blind in the State of Wisconsin and across the United States. Defendant is denying blind individuals throughout the United States equal access to the goods and services Defendant provides to its non-disabled customers through www.astorhouse.com (hereinafter the "Website"). The Website provides to the public a wide array of the goods, services, amenities and other facilities offered by Defendant. Yet, the Website contains access barriers that make it difficult, if not impossible, for blind customers to use the Website. Defendant thus excludes the

1

blind from the full and equal participation in the growing Internet economy that is a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind people to fully and independently access a variety of services, including online hotel reservation.

2. Plaintiff is a blind individual. She brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, blind people.

3. Specifically, the Website has many access barriers preventing blind people from independently navigating, using, and completing a reservation on the Website using assistive computer technology.

4. Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20/200. Some blind people who meet this definition have limited vision. Others have no vision.

5. Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] There are approximately 100,000 visually impaired persons in Wisconsin State.[2]

6. Many blind people enjoy using the Internet just as sighted people do. The lack of an accessible website means that blind people are excluded from the rapidly expanding hospitality industry and from independently navigating and using the Website.

7. Despite readily available accessible technology, such as the technology in use at

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] American Foundation for the Blind, State-Specific Statistical Information, January 2015

other heavily trafficked websites, which makes use of alternative text, accessible forms, descriptive links, and resizable text, and limits the usage of tables and JavaScript, Defendant has chosen to rely on a predominantly visual interface. Defendant's sighted customers can independently browse, select, and book hotel accommodations online without the assistance of others. However, blind people must rely on sighted companions to assist them in making an online hotel reservation on the Website.

8. By failing to make the Website accessible to blind persons, Defendant is violating basic equal access requirements under both state and federal law.

9. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons. Similarly, Wisconsin state law requires places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

10. Plaintiff attempted to make an online room reservation on the Website in April 2019. However, unless Defendant remedies the numerous access barriers on the Website, Plaintiff and Class members will continue to be unable to independently navigate, browse, and use the Website.

11. This Complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal and state law, to include monitoring of such measures, and to update and remove accessibility barriers on

the Website so that Plaintiff and the proposed Class and Subclass of customers who are blind will be able to independently and privately use the Website. This Complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA").

13. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1391(b)-(c).

14. Defendant is registered to do business in the Eastern District of Wisconsin and has been doing business in the Eastern District of Wisconsin.

## PARTIES

15. Plaintiff is and has been at all times material hereto a resident of New York County, New York State.

16. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR § 36.101 *et seq.* Plaintiff cannot use a computer without the assistance of screen reader software. Plaintiff has been denied the full enjoyment of the facilities, goods, and services of the Website, as a result of accessibility barriers on the Website. In April 2019, Plaintiff attempted to browse and make a reservation on the Website but could not do so due to the inaccessibility of the Website. Plaintiff also attempted to apply for a credit card over the phone but was not permitted to. The

inaccessibility of the Website has deterred him and Class members from enjoying the goods and services of Defendant.

17. Defendant is a limited liability company organized under the laws of the State of Wisconsin. Defendant has a principal executive office located at 637 South Monroe Avenue, Green Bay, Wisconsin 54301.

18. Defendant owns and operates a full service under the name THE ASTOR HOUSE (hereinafter the "Hotel"), which is a place of public accommodation located in the State of Wisconsin. The Hotel provides to the public a website service known as www.astorhouse.com. Among other things, the Website provides access to the wide array of goods and services offered to the public by Defendant, including booking, reservations, promotions, and other benefits related to these goods and services. The inaccessibility of the Website has deterred Plaintiff from booking a reservation on the Website.

19. Plaintiff, on behalf of himself and others similarly situated, seeks full and equal access to the services provided by Defendant through the Website.

## CLASS ACTION ALLEGATIONS

20. Plaintiff, on behalf of himself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services offered by Defendant, during the relevant statutory period."

21. There are approximately 100,000 visually impaired persons in the State of Wisconsin. There are approximately 8.1 million people in the United States who are visually impaired. Thus, the persons in the class are so numerous that joinder of all such persons is

5
Case 2:19-cv-00653-WED    Filed 05/03/19    Page 5 of 18    Document 1

impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

22. This case arises out of Defendant's policy and practice of maintaining an inaccessible website that denies blind persons access to the goods and services of the Website and the Store. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse the Website and by extension the goods and services offered through the Website by the Store.

23. There are common questions of law and fact common to the class, including without limitation, the following:

    a. Whether the Website is a "public accommodation" under the ADA;

    b. Whether the Website is a "place or provider of public accommodation" under the laws of Wisconsin;

    c. Whether Defendant through its Website denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

    d. Whether Defendant through its Website denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the laws of Wisconsin.

24. The claims of the named Plaintiff are typical of those of the Class. The Class, similar to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Defendant has violated the ADA and/or the laws of Wisconsin by failing to update or remove access barriers on the Website, so it can be independently accessible to the Class of people who are legally blind.

25. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

26. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

27. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

28. References to Plaintiff shall be deemed to include the named Plaintiff and each member of the Class, unless otherwise indicated.

**FACTUAL ALLEGATIONS**

29. Defendant owns and operates the Hotel, a small lodging establishment that offers overnight accommodation and breakfast in the State of Wisconsin.

30. The Website is a service and benefit offered by Defendant throughout the United States, including the State of Wisconsin. The Website is owned, controlled, and/or operated by Defendant.

31. Among the features offered by the Website are the following:

(a) Hotel information, allowing persons who wish to stay at the Hotel to learn its location, hours, and phone numbers;

(b) An online reservation and booking service;

(c) Information about the Hotel's amenities and facilities for meetings, weddings, special events, and holiday parties;

(d) Information about the Hotel's rooms, rates, packages, offers, and promotions; and

(e) Information about the Hotel's history, blog, and breakfast offered by the Hotel.

32. This case arises out of Defendant's policy and practice of denying the blind access to the Website, including the goods and services offered by Defendant through the Website. Due to Defendant's failure and refusal to remove access barriers to the Website, blind individuals have been and are being denied equal access to the Hotel, as well as to the numerous goods, services, and benefits offered to the public through the Website.

33. Defendant denies the blind access to goods, services, and information made available through the Website by preventing them from freely navigating the Website.

34. The Internet has become a significant source of information for conducting business and for doing everyday activities such as shopping, banking, etc., for sighted and blind persons.

35. The blind access websites by using keyboards in conjunction with screen-reading software, which vocalizes visual information on a computer screen. Apart from blind persons whose residual vision is sufficient to use magnification, screen access software provides the only method by which blind persons can independently access the Internet. Unless websites are

designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products, and services contained therein.

36. There are well-established guidelines for making websites accessible to blind people. These guidelines have been in place for at least several years and have been followed successfully by other large business entities in making their websites accessible. The Web Accessibility Initiative ("WAI"), a project of the World Wide Web Consortium which is the leading standards organization of the Web, has developed guidelines for website accessibility, called the Web Content Accessibility Guidelines ("WCAG"). The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including, but not limited to: ensuring that all functions can be performed using a keyboard and not just a mouse; adding alternative text to non-text content; using descriptive links; and adding proper headings so that blind people can easily navigate the site. Without these very basic components, a website will be inaccessible to a blind person using screen reader technology.

37. The Website contains access barriers that prevent free and full use by Plaintiff and other blind persons using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: the lack of text alternatives for non-text content; the denial of keyboard access; the inability to skip repeated blocks of content; the lack of web page titles; and lack of adequate labeling.

38. WCAG 2.1 Guideline 1.1.1 states that text alternatives must be used for any non-text content. Alternative text ("alt-text") is invisible HTML code embedded beneath an image on a web page that describes the appearance and function of the image, which can be read aloud by

9

screen readers to visually impaired users. Screen readers detect and vocalize alt-text to provide a description of the image to a blind Internet user. The images located in the "View Our Rooms" page that features the different types of rooms of the Hotel like the "Marseilles Garden," lack alt-text or any other corresponding text alternative. The image is read by screen readers as "clickable." The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics, so blind users are unable to identify and understand the content and links. Without an alt-text tag on images of the different types of rooms, it will prohibit sight-impaired visitors from gaining any information on the image. Thus, the Website's inaccessibility denies Plaintiff and visually impaired customers the ability to independently navigate its content and make an online reservation on the Website.

39. The Website contains functions that cannot be completed using a keyboard. According to WCAG 2.1 Guideline 2.1.1, it is a fundamental tenet of web accessibility for all functions to be available using a keyboard. Plaintiff and other blind users cannot use a mouse because moving a mouse pointer from one spot to another on a computer screen is a visual activity. However, the Website requires the use of a mouse to select essential content. On the "View our Rooms" page, selecting a desired date cannot be accomplished through the use of the keyboard and requires the use of a mouse to complete a reservation. As a result, blind users such as Plaintiff cannot access the reservation page and are unable to access all content and capabilities of the Website.

40. According to WCAG 2.1 Guideline 2.4.1, a mechanism is necessary to bypass blocks of content that are repeated on multiple web pages because requiring users to extensively navigate through repetitious material before reaching the main content is an unacceptable barrier to accessing the Website. Blind users must navigate through each menu option on any given page

of the Website in order to reach the main content. For example, Plaintiff must comb through dozens of items and links in order to reach the "Check Availability" link in the footer of the Website. Thus, the Website's inaccessible design denies Plaintiff and other blind users the ability to independently navigate and complete a reservation on the Website.

41.   WCAG 2.1 Guideline 2.4.2 states that web pages must have titles that describe the topic or purpose. On the "View our Room" page, the "London Room" does not contain a title, only an image with no alternative text. Blind persons using a screen reader have no means of knowing which room they want to select. Because there is no image title, blind users are unable to understand the purpose of an image or locate the page they are searching for on the Website, an unacceptable barrier to web accessibility.

42.   Blind users using screen reading software must be able to access the text content on the Website. However, the menu options found on the Website's homepage are not properly labeled, thus misinforming Plaintiff about the contents of the Website. Additionally, on the "Reservations" page, an unavailable room is highlighted, but a visually impaired person using a screen reader would not be aware of this. Therefore, it will be impossible for a blind customer who uses a screen reader to book a room if some dates selected are not available.

43.   As a result of the foregoing violations, Plaintiff and other blind users are unable to determine where on the Website to make a reservation, what images depict, or which pages are connected to links on the Website. They cannot access all functions of the Website using a keyboard. The barriers to accessibility make it unreasonably difficult, confusing, and cumbersome for blind users to navigate the Website. Plaintiff and other blind Website users are unable to complete a reservation on the Website, a benefit and service made available by Defendant to

sighted users. The Website discriminates against persons with disabilities by failing to provide the same benefits and services to blind customers as are provided to sighted customers.

44. The Website thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use the Website and who would otherwise be able to fully and equally enjoy the benefits and services of the Website.

45. The Website is a public accommodation operated by Defendant to ease the process of booking a hotel room, as customers are no longer required to travel to the Hotel's physical location in order to reserve a room. Members of the Class are entitled to the full advantages and privileges of this service. It would not be an undue burden for Defendant to make its Website accessible and allow customers to reserve a room online through its Website.

46. Plaintiff made several attempts to make a room reservation on the Website, most recently in May 2019, but was unable to do so independently because of the many access barriers on the Website. These access barriers have caused the Website to be inaccessible to, and not independently usable by, blind and visually impaired individuals.

47. As described above, Defendant has actual knowledge of the fact that the Website contains access barriers causing it to be inaccessible, and not independently usable by, blind and visually impaired individuals.

48. After Defendant removes the barriers on the Website to make it accessible to visually impaired users and/or offers an equivalent alternative service, Plaintiff intends to book a reservation on the Website.

49. These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits, and services of the Website and Defendant.

50. Defendant engaged in acts of intentional discrimination, including but not limited

to the following policies or practices:

    (a)    Constructing and maintaining a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

    (b)    Constructing and maintaining a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

    (c)    Failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

51. Defendant utilizes standards, criteria, or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. § 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

52. Plaintiff realleges and incorporates by reference the foregoing allegations as set forth fully herein.

53. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

54. The Hotel is a sales establishment and public accommodation within the definition of 42 U.S.C. § 12181(7)(E). The Website is a service, privilege, or advantage of Defendant. The

Website is a service that is by and integrated with the Hotel. Independent of the Hotel, the Website is also a public accommodation.

55. Defendant is subject to Title III of the ADA because it owns and/or operates the Website.

56. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

57. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

58. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

59. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of

the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

60. There are readily available, well-established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their websites accessible, including but not limited to ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make the Website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

61. The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Patrons of Defendant who are blind have been denied full and equal access to the Website, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

62. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

63. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations, and/or opportunities of the Website and the Store in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and/or its implementing regulations.

64. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed Class and Subclass will continue to suffer irreparable harm.

15
Case 2:19-cv-00653-WED   Filed 05/03/19   Page 15 of 18   Document 1

65. The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

66. Plaintiff is also entitled to reasonable attorneys' fees and costs.

67. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiff and the Class)

68. Plaintiff realleges and incorporates by reference the foregoing allegations as set forth fully herein.

69. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the goods, services and facilities of the Website and by extension the Hotel, which Defendant owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*, prohibiting discrimination against the blind.

70. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

71. A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*;

72. A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind or visually impaired individuals;

73. A declaration that Defendant owns, maintains and/or operates the Website sin a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*;

74. An order certifying this case as a class action under Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

75. Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed subclass for violations of their civil rights under ADA Title III § 36.504 and § 36.505;

76. Plaintiff's reasonable attorneys' fees, statutory damages, expenses, and costs of suit as provided by state and federal law;

77. For pre- and post-judgment interest to the extent permitted by law; and

78. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

DATED: May 3, 2019                        By: /s/ C.K. Lee_____
                                                                                  C.K. Lee, Esq.

                                                                   LEE LITIGATION GROUP, PLLC
                                                                   C.K. Lee (569242)
                                                                   148 West 24th Street, 8th Floor
                                                                   New York, NY 10011
                                                                   Tel.: 212-465-1188
                                                                   Fax: 212-465-1181